IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2004 Session

## MISTY DAWN ALLEN VILLANEUVA v. JEFFERY SCOTT ALLEN

Direct Appeal from the General Sessions Court for Loudon County
No. 7677      Hon. William H. Russell, Judge

No. E2003-01252-COA-R3-CV - FILED JULY 23, 2004

In this child custody dispute, the Trial Court determined there was a substantial material change in circumstances and designated father as primary caregiver. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and HOWELL N. PEOPLES, SP. J., joined.

John W. Cleveland, Sweetwater, Tennessee, for Appellant.

Kimberlee A. Waterhouse, Lenoir City, Tennessee, for Appellee.

**OPINION**

This post-divorce action involves the custody of the parties' daughter, Harley Nicole Allen, born March 18, 1997. The parties were divorced on October 18, 1999, and at the time agreed that the wife would have residential custody of Harley. On December 20, 2002, father filed a Petition to Modify Residential Custody and Co-Parenting, and alleged that a substantial and material change in circumstances had occurred which required modification, in that the mother was not providing suitable living conditions for the child, was unemployed, was using drugs, and the child was chronically late to school and was not doing well.

The father further alleged that the mother was planning to marry and move the child to Colorado. At the father's request, the Court issued a Temporary Restraining Order prohibiting

the mother from removing the child until a hearing could be held.

The mother responded to the Petition, and denied most of the allegations, but admitted that she had married Vincent Villaneuva, and that she was living in Colorado. The mother filed a Counter-Petition to Relocate, stating the parents were not spending substantially equal amounts of time with Harley, but the mother spent greater amounts of time with her, and she had relocated to Colorado to be with her new husband.

Following a trial on January 13, 2003, the Court filed a Memorandum Opinion, and said that "the sum total of mother's actions after the divorce constitutes a substantial change of circumstances, and the Court finds that the father is the proper person to be primary residential custodian with shared time with the mother. The Court will adopt a standard every other weekend visitation, with alternating holidays, unless the parties can agree on shared parenting time." The Court also dismissed the mother's Counter Petition to Relocate.

The mother has appealed and presents these issues:

1. Whether the Trial Court erred in applying the comparative fitness test without first finding any unanticipated material change in circumstances?

2. Whether the Trial Court erred in not protecting the child's best interest in custodial stability continuity?

3. Whether the Trial Court erred by improperly allocating the burden of proof?

4. Whether the weight of the evidence preponderates against the changing of the child's primary residence?

5. Whether the Trial Court erred by denying the mother's Petition to Relocate.

As the Supreme Court has explained, the modification of custody must be based on the standard of a material change in circumstances which makes a custody change in the child's best interests. *Cranston v. Combs*, 106 S.W.3d 641 (Tenn. 2003). Thus, the threshold issue is whether a material change of circumstances has occurred after entry of the custody decree, which was unanticipated at the time of the custody decree, and which affects the child's well-being in a meaningful way. *Id.* If such a change is shown, then the trial court must determine whether a custody modification is in the child's best interests by utilizing the factors enumerated in Tenn. Code Ann. §36-6-106. *Id.*

In this case, the Trial Court found that such a material change of circumstances had occurred, and that the change affected Harley's well-being in a meaningful way. The Trial Court did not make any specific findings of fact, which the mother argues are required by Tenn. Code Ann. §36-6-101(a)(2)(B)(I). In other cases where this issue has been addressed, however, both this Court

and the Supreme Court have explained that when the trial court fails to make detailed findings of fact, we must simply review the record to determine where the preponderance of the evidence lies. *Kendrick v. Shoemake*, 90 S.W.3d 566 (Tenn. 2002); *Landowski v. Landowski*, 2003 WL 21499803 (Tenn. Ct. App. June 25, 2003).

The evidence in this case supports the Trial Court's ruling, in that the mother's circumstances have changed since the divorce, the changes were clearly unanticipated, and had detrimentally affected Harley's well-being. Moreover, the facts which support the Trial Court's ruling are essentially undisputed.

Specifically, mother has moved several times, living with her mother or friends, or most recently with her new husband in Colorado. She has failed to establish any type of stable or continuous home environment for Harley, and has failed to obtain gainful employment, and had basically lived off of the good graces of others for the past two years. Mother had several relationships with men during that time, and the most recent culminated in marriage to a man she had spent a short time with who lives in Colorado. Further, the mother took Harley out of school and "moved" with her to Colorado with no notice to anyone, including the father.

Without further detailing the other substantial and material changes, we hold that the evidence establishes a material change in circumstances. Since the evidence supports the Trial Court's finding, the threshold issue has been satisfied. The issue thus becomes whether the Trial Court's award of custody to the father is supported by evidence of Harley's best interests, considering the factors set forth in Tenn. Code Ann. §36-6-106, which are as follows:

> (1) The love, affection and emotional ties existing between the parents and child;
>
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
>
> (3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; . . .
>
> (4) The stability of the family unit of the parents;
>
> (5) The mental and physical health of the parents;
>
> (6) The home, school and community record of the child;
>
> (7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; . . .

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child;  and

(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

In this case, consideration of the above factors militates in favor of an award of custody to father. Both parents have love, affection, and emotional ties with the child, but the father is better situated to provide for Harley's needs than the mother, given his stable employment history. Mother has arguably been more of a primary caregiver than father, but both grandmothers have spent a great deal of time with Harley as well.  The father is in better health, and has a more stable family unit with his wife, and Harley's school record while in mother's care shows that the mother had shown little concern for Harley's education.

There is no evidence of physical or emotional abuse by either parent.  Mother's friends and boyfriends have been questionable influences on Harley, but there was no issue regarding the character or behavior of anyone in the father's home.  The father has shown a better past and potential for future performance of parenting responsibilities.  The Trial Court found that custody should be awarded to father, as it was in Harley's best interests.

Finally, the mother argues that the factor of continuity should be considered in her favor, and that custody should remain with her due to this factor.  As can be seen from the factors listed, however, continuity is only one of many factors which are to be considered in a best interest analysis.  Moreover, this factor does not necessarily favor the mother, since Harley's life with her has seen little continuity or stability, especially after they left the grandmother's home.  The Trial Court properly awarded custody to father in accordance with Harley's best interests.

Having found that the Trial Court properly awarded residential custody to father, the issue relating to the mother's Petition to Relocate with the child is moot.

We affirm the Judgment of the Trial Court, and remand, with the cost of the appeal assessed to Misty Dawn Allen Villaneuva.

_____
HERSCHEL PICKENS FRANKS, P.J.